UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| JERI R. BROWN, | ) |
| Plaintiff, | ) |
| | ) Civil Case No. |
| v. | ) 6:18-cv-213-JMH |
| | ) |
| | ) **MEMORANDUM OPINION** |
| ANDREW SAUL, COMMISSIONER OF | ) **& ORDER** |
| SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendant. | ) |

\*\*\*

Plaintiff, Jeri R. Brown, brings this matter under 42 U.S.C. § 405(g) seeking judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the motions filed by the parties, will **AFFIRM** the Commissioner's decision as no legal error occurred and it is supported by substantial evidence.

### I. STANDARD FOR DETERMINING DISABILITY

Under the Social Security Act, a disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Still, Nancy Berryhill was serving as Acting Commissioner of Social Security when this action was filed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[2] In determining disability, an Administrative Law Judge ("ALJ") uses a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform past relevant work; and, if necessary, Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.*; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[2] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

## II. PROCEDURAL AND FACTUAL HISTORY

On February 18, 2015, the Plaintiff, Jeri R. Brown ("Brown" or "Plaintiff") applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging disability as of August 31, 2014. [TR 562, 564]. Brown alleged she is disabled due to a number of physical impairments, including chronic obstructive pulmonary disease ("COPD"), high blood pressure, asthma, allergies, acid reflux, and a hernia. [TR. 599].

Brown's applications for SSI and DIB were denied initially on April 29, 2015. [TR at 463-466]. Her applications were also denied on reconsideration on December 16, 2015. [TR 476-482]. Subsequently, on September 7, 2017, Brown appeared at an administrative hearing before Administrative Law Judge ("ALJ"), Kendra S. Kleber. [TR 289-331]. Brown was represented by an attorney at the hearing. [Id.].

The ALJ issued a decision on February 28, 2018, denying Brown's claims and finding she was not disabled. [TR 38]. The Appeals Council denied review. [TR 1-3]. This appeal followed pursuant to 42 U.S.C. § 405(g). [DE 1]. Consistent with the Court's Standing Scheduling Order, [DE 10], the parties have submitted cross motions for summary judgment, which are ripe for review. [DE 11, 13].

Brown alleges onset of disability in August 2014, when she was age 46. [TR 562]. Brown engaged in past relevant work as a

3

gate guard and cashier. [TR 325, 600]. She has a high school education. [Id.].

At the hearing, Brown reported that she stopped her past work activities when she was laid off because the mine, where she had been employed as a guard, shut down. [TR 294-295]. However, Brown testified that she would have quit working anyway as a result of her alleged COPD. [TR 295-303]. She testified that she would not have been able to work another week. [TR 374].

Brown testified that she had not worked since the mine closed. [TR 303]. In particular, Brown stated that she cannot drive on dirt roads of be in restaurants because the smells and dust make it difficult for her to breath. [TR 304]. Ms. Brown requires a CPAP machine to sleep at night and sometimes during the day. [Id.]. She also uses a nebulizer and has inhalers, including an emergency inhaler. [TR 312].

Ms. Brown did testify that she can breathe better when the weather is cooler but is still unable to work a cashier job because she is unable to stand for extended periods of time. [TR 304-5]. In particular, she states she has pain that shoots down her legs from her back, above the belt line, that would prevent her from working. [TR 305]. This shooting pain, Brown testified, is in both legs and goes up to the shoulder blades. [TR 306]. The pain throbs as well as shoots. [Id.]. She states this pain causes problems for her when she is sleeping or resting. [TR 308].

4

For her pain, Ms. Brown takes muscle relaxers, has received steroid shots, is prescribed Ibuprofen, and has undergone physical therapy. [TR 309].

Ms. Brown also claims to have sleep apnea. [TR 315]. As a result of her pain and sleep apnea, she reports that she only sleeps about four (4) hours per night.

Ms. Brown also claims she has irritable bowel syndrome ("IBS"). [TR 316]. In addition, Brown testifies that she has problems with "nerves." [TR 374]. In particular, she reports having depression and panic attacks about once per month. [TR 320]. She described her panic attacks as causing her to go dizzy and making her to feel short of breath. [Id.].

A vocational expert ("VE"), Joyce Borris, also testified at the hearing. [TR 325-326]. The vocational expert explained that Brown had worked as a security guard and as a cashier. [Id.]. The ALJ posed hypotheticals to the vocational expert. [Id.].

The ALJ issued an unfavorable decision on February 28, 2018. [TR 27-38]. At Step One, the ALJ determined that Brown has not engaged in substantial gainful activity since August 31, 2014. [TR 33]. At Step Two, the ALJ found that Brown suffered from the following severe impairments: COPD and obesity. [Id]. However, the ALJ found that Brown's complaints of irritable bowel syndrome, back pain, mild obstructive sleep apnea, and mental health issues, were non-severe. [TR 33-34].

5

Thus, at Step Three, the ALJ found that none of those impairments or combination or impairment met or medically equaled the severity of any of the listed impairments. [TR 34]. In reaching this conclusion, ALJ specifically considered Listing 3.02, but found that Brown had not satisfied the requisite severity. [Id.].

Before proceeding to Step Four, the ALJ found that Brown had the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). [TR 34]. Specifically, the ALJ found Brown could perform the following tasks:

> Lift or carry up to 20 pounds occasionally or 10 pounds frequently; stand/walk for up to four hours of an eight-hour workday; sit up to six hours of an eight-hour workday; can occasionally climb stairs or ramps but cannot climb ladders or scaffolds; can occasionally stoop or crouch, but not crawl or kneel; and can perform work that does not involve concentrated exposure to extreme cold or extreme heat or humidity, or to fumes, dust, smoke, or environmental pollutants.

[Id.].

At step four, the ALJ discussed Brown's alleged COPD, high blood pressure, allergies, hypertension, hernia, and acid reflux. [TR 35]. The ALJ further discussed Brown's sleep apnea. [Id.]. Ultimately, the ALJ found that the objective medical evidence could reasonably be expected to cause the alleged symptoms, however her

6

statements concerning the intensity, persistence, and limiting effects of the symptoms was not consistent with the medical evidence and other evidence in the record. [TR 35].

The ALJ then concluded, at Step Four, that Brown is unable to perform any past relevant work as a gate guard or cashier checker. [TR 36]. The ALJ based this determination upon, among other things, the vocational experts testimony that the these jobs are precluded by the residual functional capacity assessment. [Id.].

However, the ALJ determined that given Brown's age, education, work experience, and RFC, that "there are jobs that exist in significant numbers in the national economy that [Brown] can perform[]." [TR 36-37]. Again, the ALJ based her conclusion, in part, on the testimony of the VE that Brown could be able to perform the requirements of occupations such as general clerical (381,000 jobs nationally), ticket taker or attendant (153,000 jobs nationally), and inspecting/testing/sorting/weighing (68,000 nationally). As a result, the ALJ found that Brown was not disabled within the meaning of the Social Security Act. [TR 37].

The Appeals Council denied review on February 29, 2018. [TR 1-3]. Having exhausted her administrative remedies, Brown filed this action on March 28, 2018. [DE 2]. Pursuant to the Court's Standing Scheduling Order, [DE 12], Brown moved for summary judgment on April 4, 2019, [DE 13], and the Commissioner moved for summary judgment on May 15, 2019. [DE 15]. As a result, this

7

matter is ripe for review. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1418.

Brown argues that the ALJ's determination that she is not disabled is not supported by substantial evidence. [DE 13-1 at 13-14, PageID #1448-49]. Brown further argues that the Commissioner failed to properly evaluate her subjective complaints of pain. [DE 13-1 at 9-13, PageID #1444-48]. The Commissioner contends that the ALJ's decision was proper and should be affirmed. [DE 15].

### III. STANDARD OF REVIEW

"The plaintiff has the ultimate burden to establish entitlement to benefits by proving the existence of a disability . . . ." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). When reviewing the ALJ's ruling, this Court may not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec*, 693 F.3d 709, 713 (6th Cir. 2012). This Court determines only whether the ALJ's ruling is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court is to affirm the decision, provided

8

it is supported by substantial evidence, even if this Court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## IV. ANALYSIS

Brown raises two main issues in this action. First, she argues that the ALJ's determination that she is not disabled is not supported by substantial evidence. [DE 13-1 at 13-14, PageID #1448-49]. Next, she argues that the Commissioner failed to properly evaluate her subjective complaints of pain. [DE 13-1 at 9-13, PageID #1444-48]. We disagree.

**A. The ALJ's Determination that Brown is not Disabled is Supported by Substantial Evidence.**

Brown argues that the ALJ's finding, that she could perform light work, and therefore is not disabled, was not supported by substantial evidence. [DE 13-1 at 13-14, PageID #1448-49]. Instead, Brown claims that considering the entirety of the record, she could not even perform a wide range of sedentary work, let alone light work. [Id.]. Brown implies that the ALJ included only selective portions of the pertinent evidence in Brown's case. [DE 13-1 at 14, PageID #1449]. However, Brown fails to point to any particular evidence that she believes the ALJ did not consider. Instead, Brown simply states, without support, that the objective medical evidence unequivocally documents that Brown suffers from COPD, osteoarthritis of both knees, anxiety, chest pain, sleep

9

apnea, obesity, anxiety, depression, IBS, lumbago, asthma, and lumbar radiculitis. [Id.]. However, as this Court has previously held, it "...declines to put meat on the bones of her argument by scouring these records to find something which she has not specified to support her general argument..." *Mullins v. Berryhill*, Civil Case No. 16-cv-85, 2017 WL 1028149, *2 (E.D. Ky. March 16, 2017).

Instead, we find the ALJ's determination was supported by substantial evidence. Specifically, the ALJ found that Brown suffered from the following severe impairments: COPD and obesity. [Id]. In doing so, the ALJ considered Brown's pulmonary function testing and medical imaging. However, as discussed below, the ALJ found that Brown's complaints of irritable bowel syndrome, back pain, mild obstructive sleep apnea, and mental health issues, were non-severe. [TR 33-34]. As a result, the ALJ concluded that, while Brown did have limitations on her ability to perform certain activities, she was generally able to care for herself and perform the full range of light work. As a result of this evidence, the ALJ concluded that Brown is not disabled.

In the instant case, Brown has failed to demonstrate that ALJ did not consider certain aspects of the objective medical evidence to support the conclusion that Brown is not disabled. Moreover, the ALJ's findings were supported by substantial evidence, as noted above. If supported by substantial evidence, the ALJ's decision

must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 876 (6th Cir.2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir.2007); *Longworth v. Comm'r Soc. Sec. Admin.,* 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). Because the ALJ's findings are supported by substantial evidence we decline to remand.

**B. The Commissioner Properly Evaluated Brown's Subjective Complaints of Pain.**

Brown also argues that the Commissioner failed to properly evaluate her subjective complaints of pain in formulating her RFC. [DE 13-1 at 9-13, PageID #1444-48]. In support of her argument, Brown claims the ALJ failed to consider that Brown's anxiety is tied to her physical inability to breath, chest pressure, and tightness, in assessing Brown's RFC. [DE 13—1 at 11-13, PageID 1446-47].[3]

The Commissioner disagrees. The Commissioner argues that substantial evidence supports the "ALJ's finding that the record does not include objective findings or other record evidence that

---

[3] Brown relies on Social Security Ruling ("SSR") 96-7p, which interpreted SSA Regulation, 20 C.F.R. § 404.1529, in setting forth a two-step process for evaluating subjective complaints. [DE 13-1 at 9-10, PageID #1444-45]. Brown implies that SSR 96-7p required the ALJ to make a finding on the credibility of Anderson's statements. [Id.]. However, SSR 96-7p was superseded by SSR 16-3p.

11

would support [Brown's] argument that she was subject to disabling symptoms. [DE 15 at 11, PageID #1465]. Such a finding is permissible under 20 C.F.R. § 404.1529(c)(4). Because Brown's subjective complaints of pain are not supported by medical or other evidence in the record, the Commissioner asserts that it was appropriate for the ALJ to discount Brown's subjective complaints. We agree with the Commissioner.

There is no evidence before the Court that indicates that the ALJ erred in discounting Brown's subjective complaints. The ALJ reviewed Brown's medical history and relied on substantial evidence, including objective medical evidence, and opinion evidence by examining and non-examining physicians—in determining that Brown was not disabled and able to perform certain work.

When evaluating a disability claim for social security purposes, the claimant's pain should be considered. *Kirk v. Sec. of Health and Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981). Both the Social Security Administration ("SSA") and the Sixth Circuit have guidelines for analyzing a claimant's subjective complaints of pain. The SSA regulations are set forth in 20 C.F.R. § 404.1529. The Sixth Circuit's guidelines for evaluating a claimant's assertions of disabling pain are set forth in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The Sixth Circuit laid out these guidelines as follows:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* The Sixth Circuit explicitly noted in this decision that the test "does not require ... 'objective evidence of the pain itself.'" *Id.* (quoting *Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir. 1984)). However, as the Sixth Circuit clarified in *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994), "[b]oth the SSA standards and the *Duncan* test require objective *medical evidence* showing an *underlying medical condition*." *Felisky*, 35 F.3d at 1038–39 (6th Cir. 1994) (emphasis added).

However, the ALJ is entitled to rely on her own observations. *Halter*, 246 F.3d at 773. In addition, the ALJ may also discount witness credibility when a claimant's testimony contradicts the medical records and other evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Here, the ALJ found that that Ms. Brown's alleged symptoms were not supported by the medical and other evidence provided. Notably, Brown's records contain no objective finding of IBS and they indicate her sleep apnea has been well-treated by the CPAP machine. [TR 33]. In addition, her claims of severe, disabling back pain are not supported by the medical imagining in the record.

13

[Id.]. Moreover, Brown has not undergone counseling and has only reported anxiety to a medical provider on one occasion. [Id.]. Finally, Ms. Brown stopped working as a result of being laid off, not due to quitting as a result of disabling symptoms. As a result, we conclude the ALJ's finding is supported by substantial evidence in the record.

The ALJ's evaluation of Brown's testimony is entitled to deference by this Court. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). As stated previously, "[t]he Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155 at *5 (E.D. Tenn. Mar. 30, 2009). So long as the ALJ cited substantial evidence to support his conclusions, this Court may not re-evaluate his determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

When considering all medical evidence and Brown's personal testimony regarding her activities, the ALJ properly evaluated her subjective complaints of pain. Because the ALJ's evaluation is supported by substantial evidence, it is entitled to deference. Thus, remand is unwarranted.

## V. CONCLUSION

Having found no legal error on the part of the ALJ and that the decision is supported by substantial evidence, the Acting

Commissioner's final decision is **AFFIRMED**. Accordingly, **IT IS ORDERED** as follows:

(1) The Commissioner's final decision is **AFFIRMED**;

(2) Plaintiff's motion for summary judgment [DE 13] is **DENIED**;

(3) Defendant's motion for summary judgment [DE 15] is **GRANTED**;

(4) Judgment in favor of the Defendant will be entered separately.

This the 7th day of January, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge